IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

INEZ TITO LUGO,

    Petitioner,                    No. CIV S-08-0820 JAM GGH P

    vs.

MIKE KNOWLES, Warden, et al.,

    Respondents.                FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the 2006 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole.

        On February 3, 2011, the undersigned ordered both parties to provide briefing regarding the recent United States Supreme Court decision that found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, 502 U.S. ___, ___ S. Ct. ___, 131 S. Ct. 859, 861 (2011).[1]

\\\\\

---

[1] The earlier citation in the prior order was to Swarthout v. Cooke, 502 U.S. ___, ___ S. Ct. ___, 2011 WL 197627 *2 (Jan. 24, 2011)

1

The parties have timely filed briefing, yet for the reasons set forth in the prior order, it appears there is no federal due process requirement for a "some evidence" review, thus the federal courts are precluded from a review of the state court's application of its "some evidence" standard.[2]

A review of the petition in this case demonstrates that the gravamen of petitioner's challenge is an allegation of a violation of California's "some evidence" requirement. See Petition, pp. 17- 24; 25-42. Petitioner also claims that the three-year postponement of his subsequent parole hearing violated due process, contending that prior hearings had been only one-year denials. Id. at 24-25; 43-47.

As to the "some evidence" claim, this court's review of the BPH hearing transcript confirms that petitioner, despite his argument otherwise, received all the process that was due in having been "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout, at 862; Petition, BPH hearing transcript, pp. 51-147.[3] As to petitioner's claim regarding the increased deferral period before his next parole suitability hearing, that claim is not a challenge to the parole denial decision itself and is, therefore, not cognizable under 28 U.S.C. § 2254. Although petitioner's ultimate goal is a

---

[2] The court notes some perversity in the result here. Loss of good-time credits, even for a day, pursuant to decision at a prison disciplinary hearing, must be supported by "some evidence." Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985). Assignment to administrative segregation requires the same "some evidence" before such an assignment can be justified. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir.2003). However, a denial of parole eligibility after sometimes decades in prison, and where another opportunity for parole can be delayed for as long as fifteen more years, requires no such protection from the federal due process standpoint. Nevertheless, such is the state of the law.

[3] In his supplemental briefing, petitioner at one point argues that he was deprived of his right to be heard predicated on his having been escorted from the hearing room while the reasons for the BPH's decision were being presented. Petitioner's Supp. Briefing, pp. 7-9. Petitioner includes the decision portion of the hearing as an exhibit to the supplemental briefing in support of this contention. Id., at 12-17. Petitioner's apparent removal (lines 12-13 of p. 15 (transcript, p. 92)) occurred after petitioner had been essentially informed of the reasons for the denial as well as of the length of the deferral period. Moreover, during the hearing, prior to the decision, the transcript reveals that petitioner spoke throughout; nor does petitioner claim that he did not receive a complete statement of the reasons for the decision.

speedier release from incarceration, the immediate relief sought on this ground is a speedier *opportunity* to *attempt* to convince BPH once again that he should be released; that is too attenuated from any past finding by the BPH of parole suitability for such a claim to sound in habeas. This challenge does not appear to be based on a challenge to the application of Cal. Penal Code § 3041.5, as amended in 2008 by Proposition 9 (Marsy's Law), for the obvious reason that it was not yet enacted at the time of his 2006 parole denial. However, it is a challenge to the manner in which the BPH applied the then-existing Cal. Penal Code § 3041.5(b)(2)(A) and (B). A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law binding on the state courts. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). It is unavailable for alleged error in the interpretation or application of state law. Middleton v. Cupp, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986). Habeas corpus cannot be utilized to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377, 92 S. Ct. 2174, 2178 (1972).

The Supreme Court has reiterated the standards of review for a federal habeas court. Estelle v. McGuire, 502 U.S. 62, 112 S. Ct. 475 (1991). In Estelle v. McGuire, the Supreme Court reversed the decision of the Court of Appeals for the Ninth Circuit, which had granted federal habeas relief. The Court held that the Ninth Circuit erred in concluding that the evidence was incorrectly admitted under state law since, "it is not the province of a federal habeas court to reexamine state court determinations on state law questions." Id. at 67-68, 112 S. Ct. at 480. The Court re-emphasized that "federal habeas corpus relief does not lie for error in state law." Id. at 67, 112 S. Ct. at 480, citing Lewis v. Jeffers, 497 U.S. 764, 110 S. Ct. 3092, 3102 (1990), and Pulley v. Harris, 465 U.S. 37, 41, 104 S. Ct. 871, 874-75 (1984) (federal courts may not grant habeas relief where the sole ground presented involves a perceived error of state law, unless said error is so egregious as to amount to a violation of the Due Process or Equal Protection clauses of the Fourteenth Amendment).

1  The Supreme Court further noted that the standard of review for a federal habeas
2 court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of
3 the United States (citations omitted)." Id. at 68, 112 S. Ct. at 480.  The Court also stated that in
4 order for error in the state trial proceedings to reach the level of a due process violation, the error
5 had to be one involving "fundamental fairness," Id. at 73, 112 S. Ct. at 482, and that "we 'have
6 defined the category of infractions that violate "fundamental fairness" very narrowly.'"  Id. at 73,
7 112 S. Ct. at 482.  Habeas review does not lie in a claim that the state court erroneously allowed
8 or excluded particular evidence according to state evidentiary rules.  Jammal v. Van de Kamp,
9 926 F.2d 918, 919 (9th Cir. 1991).  There being no basis upon which petitioner could proceed at
10 this point, the petition should be dismissed.

11  Accordingly, IT IS HEREBY RECOMMENDED that the petition be dismissed.

12  If petitioner files objections, he shall also address if a certificate of appealability
13 should issue and, if so, as to which issues.  A certificate of appealability may issue under 28
14 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a
15 constitutional right." 28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate
16 which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

17  These findings and recommendations are submitted to the United States District
18 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
19 days after being served with these findings and recommendations, any party may file written
20 objections with the court and serve a copy on all parties.  Such a document should be captioned
21 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
22 shall be served and filed within fourteen days after service of the objections.  The parties are
23 \\\\\
24 \\\\\
25 \\\\\
26 \\\\\

1 advised that failure to file objections within the specified time may waive the right to appeal the

2 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3 DATED: April 27, 2011                    /s/ Gregory G. Hollows

   _____
4                                          GREGORY G. HOLLOWS
                                            UNITED STATES MAGISTRATE JUDGE

5 GGH:009/lugo.0820.fr